I dissent because I would affirm the decision of the trial court finding Officer Yanacek competent to testify.
According to the majority, with the exception of Officer Yanacek's testimony, "all of the evidence presented to the court * * * demonstrates Officer Yanacek operated car 34," not Car 32, on February 19, 2001. Therefore, the majority contends, the trial court erred in finding Officer Yanacek's testimony that he was in Car 32 when he ticketed appellant credible because the court "ignor[ed] the conflicts between the physical exhibits and the testimony." There is no actual conflict between the exhibits and Officer's Yanacek's testimony, however; any "conflict" is created solely by the majority's misinterpretation of the evidence.
The majority attaches great significance to the prosecutor's comment in a pretrial conference that Officer Yanacek was driving Car 34 on February 19, 2001 and concludes that, in light of this "evidence," Officer Yanacek's testimony that he was driving Car 32 on that date was not true. However, the majority simply ignores the City's response to Question 8 of appellant's motion for a bill of particulars, forwarded to appellant on March 16, 2001, in which this same prosecutor responded that Officer Yanacek was driving "Euclid Police department vehicle #32; dark blue with white lettering" on February 19, 2001.
The majority also concludes that Officer Yanacek's sworn testimony was not credible because the original platoon assignment sheet was changed after it was produced to appellant (i.e., the number 32 was written over the number 34). There is simply no evidence in the record to support this conclusion. In fact, Officer Yanacek testified that the platoon assignment sheet was changed on February 19, 2001 by someone in dispatch when he reported in at the beginning of his shift. Furthermore, Officer Yanacek explained why the copy of the platoon assignment sheet containing the change was different from the assignment sheet produced to appellant: "This is the copy that was in the dispatch."
Thus, the majority's theory that the assignment sheet was changed sometime after it was produced to appellant is nothing more than conjecture.
The majority's interpretation of the out-of-service sheet is also mere conjecture. Contrary to the majority's erroneous conclusion, the out-of-service sheet does not indicate that car number 32 was scheduled to be out of service from 2:00 p.m. to 10:00 p.m. on February 19, 2001. Rather, as Officer Yanacek testified, the out-of-service sheet is his time sheet; it indicates when he is in or out of service (i.e., available for calls) on any given shift. Indeed, when questioned about the out-of-service sheet, Officer Yanacek testified as follows:
 Q. Okay. What does that show, out of service? What does that —
 A. It doesn't mean it's the car, sir. That's my timecard. It shows when I'm in service and when I'm out of service. It has nothing to do with the car being out of service.
Officer Yanacek testified further that the out-of-service sheet in question demonstrated that he clocked in at 2:13 p.m. on February 19, 2001.
The majority simply ignores Yanacek's testimony, however, and creates its own interpretation of the out-of-service sheet — an interpretation not supported by the evidence and, indeed, directly contradicted by it.[1]
It is significant that the only sworn testimony in the record that we are called upon to review is that of Officer Yanacek. There is no testimony in the record contradicting his explanation of how the change to the documents occurred and no testimony contradicting his testimony that he was driving car number 32 when he ticketed appellant. The majority contends that the documents produced by the City to appellant indicate that Officer Yanacek lied, but, as discussed above, the majority's theory regarding the documents and the purported change is just that — a theory based upon its own inferences — and unsupported by the record.
In fact, the testimony of the officer at the hearing, which is the only sworn testimony in the record, more than adequately rebuts any inferences in the documents claimed by the majority. Despite the interpretation of the majority, this is, quite simply, an issue of the credibility of the officer in explaining that he was actually in a marked police car at the time of the issuance of the ticket. The trial court found that his testimony was believable and reasonable. The trial court then ruled that the officer was competent to testify. This determination of credibility is solely within the province of the trial court and therefore the ruling should stand. Therefore, I would affirm the decision of the trial court.
[1] Likewise, it is troubling that despite the record, appellant repeatedly asserts on appeal that the out-of-service sheet is a "service record" which demonstrates that car number 32 was out of service from 2:00 p.m. to 10:00 p.m. on the day in question but then, with no compunction, accuses Officer Yanacek of "altering evidence."